Filed 11/23/21  P. v. Gutierrez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ESTEBAN GUTIERREZ,<br><br>    Defendant and Appellant. | G060090<br><br>(Super. Ct. No. 98WF0720)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

We appointed counsel to represent Esteban Gutierrez on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to an issue that might arguably support an appeal. Counsel raised only one issue—did the trial court properly deny Gutierrez's petition under Penal Code section 1170.95 (all further statutory references are to the Penal Code, unless otherwise indicated).

We gave Gutierrez 30 days to file written argument on his own behalf, and he did. The issues Gutierrez raises are described below.

We have independently reviewed the record in accordance with our obligations under *Anders* and *Kelly*. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

In November 1998, an information charged Gutierrez with murder (§ 187, subd. (a)). The information alleged Gutierrez personally used a firearm during the commission of the alleged offense pursuant to sections 12022.5, subdivision (a), and 12022.53, subdivision (b).

2

The following year, Gutierrez pleaded guilty to second degree murder and admitted a weapon enhancement pursuant to section 12022.5, subdivision (a). Gutierrez offered the following factual statement as a basis for his guilty plea: "In Orange County on March 7, 1998 I personally used a firearm and shot and killed Jorge Reynoso. I did so with malice aforethought and the intent to kill but without premeditation and deliberation." On the guilty plea form, Gutierrez acknowledged he would be sentenced to prison for 10 years on the weapon enhancement and to a consecutive 15 years to life sentence on the second degree murder charge.

Gutierrez signed the bottom of the guilty plea form indicating "I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s). I am entering a plea of guilty because I am in fact guilty and for no other reason. I declare under penalty of perjury that I have read, understood, and personally initialed each item above and discussed them with my attorney, and everything on this form is true and correct. The signing and filing of this form is CONCLUSIVE EVIDENCE I have plead [*sic*] guilty to the enumerated charges herein." Gutierrez's trial counsel also signed the form. Consistent with the plea agreement, the trial court sentenced Gutierrez to 10 years for the weapons enhancement and to a consecutive indeterminate term of 15 years to life for second degree murder.

In March 2021, Gutierrez filed a petition for resentencing pursuant to section 1170.95. Gutierrez described the circumstances of the offense. He and his uncle began the evening drinking. His uncle took him to his friend's house, where Gutierrez bought a gun. He put the gun, which was loaded, in the trunk of his uncle's car. Later in the evening, Gutierrez and his uncle met two women at a bar. Gutierrez, his uncle, and the two women went back to his uncle's house and had sex. Gutierrez got the gun, showed it to the women, and put it in his waistband. Gutierrez, his uncle, and the women then went to another bar. At this bar, when the women were walking away to get more

3

drinks, Gutierrez watched as one woman made eye contact with the victim. The victim and Gutierrez had never met or seen each other before. The victim made derogatory remarks towards Gutierrez, such as "'fool, punk, you think you're bad.'" The victim continued to bother Gutierrez by stating, "'Come on, you think you're bad.'" Gutierrez pulled out the gun and the victim ran towards the rear of the bar. Gutierrez chased the victim, shot the victim three times (once in the groin, twice in the chest), and the victim died. Security guards detained Gutierrez.

In his petition in the trial court, and in his supplemental brief to this court, Gutierrez cited to his statement to Detective Dan Stack. Attached to his petition in the trial court was a "Homicide Summary" that Stack prepared. The summary included Gutierrez's statement that the "gun went off by accident" and that "he only intended to scare the victim." Gutierrez cited to *People v. Robertson* (2004) 34 Cal.4th 156, and argued that based on the statement in the police report that he fired the gunshot to scare the victim and not with the intent to kill, he can no longer be convicted of second degree murder.

Gutierrez requested the trial court appoint counsel to assist him with his section 1170.95 petition. Without appointing counsel, the court denied Gutierrez's petition indicating: "The petition does not set forth a prima face case for relief under the statute. A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors. [¶] 'The court shall review the petition and determine if the petitioner has made a prima facie case showing that the petitioner falls within the provisions of this section.' ([§] 1170.95[, subd.] (c). [¶] Petition denied."

4

DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief. [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Section 1170.95, subdivision (a), provides, in relevant part, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ."

Under section 1170.95, if the petitioner makes a prima facie showing, the court must issue an order to show cause (OSC) and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner. (§ 1170.95, subds. (c), (d)(1).) A prima facie showing under section 1170.95 requires the following: (1) an accusatory pleading was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he or she was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he or she could have been so convicted; and (3) that he or she could not be convicted of murder due to the amendments to sections 188 and 189. (§ 1170.95, subd. (a)(1)-(3).)

The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980 (*Drayton*), disapproved on another ground in *Lewis, supra,* 11 Cal.5th at p. 963.) "If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95[, subdivision] (a), then the trial court should issue an order to show cause. [Citation.]" (*Drayton, supra,* 47 Cal.App.5th at pp. 980-981.) An order summarily denying a section 1170.95 petition without issuing an OSC is a question of law subject to de novo review. (*Id*. at p. 981.)

I. *Prima Facie Case*

Gutierrez was required to establish (1) an accusatory pleading was filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder following a trial, or accepted a plea offer to first or second degree murder in lieu of trial, at which he could have been so convicted; *and (3) that he could not be convicted of murder due to the amendments to sections 188 and 189.* (§ 1170.95, subd. (a)(1)-(3), italics added.)

In the factual basis of his guilty plea, Gutierrez, under penalty of perjury, admitted he personally and intentionally shot and killed the victim. According to Gutierrez's rendition of the facts in his petition, when he brandished the gun the victim attempted to flee to the rear of the bar. Gutierrez responded by chasing the victim and shooting him three times. The purpose of the statute was "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill,

or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 221.) Gutierrez was the actual killer who admitted he intended to kill the victim. Based on Gutierrez's rendition of the facts, he cannot show he could not have been convicted under sections 188 and 189.

Gutierrez's argument we should rely on a self-serving statement, not under oath, that he made when he was arrested is unavailing. His statement to Stack the "gun went off by accident" and that "he only intended to scare the victim," are belied by Gutierrez's subsequent statements to the court. These facts do not render Gutierrez eligible for relief under section 1170.95.

Gutierrez cites to *People v. Robertson* (2004) 34 Cal.4th 156,[1] specifically statements in Justice Carlos R. Moreno's concurrence and Justice Joyce L. Kennard's dissent to support his claim he is entitled to resentencing. Gutierrez's reliance on *Robertson* is misplaced. The question in *Robertson* was whether the trial court properly instructed the jury that defendant could be convicted of second degree felony murder based upon the predicate offense of discharging a firearm in a grossly negligent manner or whether the second degree felony-murder rule was inapplicable under the so-called merger doctrine. (*Id*. at p. 160.) Here, Gutierrez was not convicted, nor could he have been, under the felony-murder rule or any other theory of vicarious liability. He was the actual killer. Additionally, concurrences and dissents do not represent the judgment of the court.

## II. *Appointment of Counsel*

Our Supreme Court in *Lewis, supra,* 11 Cal.5th at page 957, held "the statutory language and legislative intent of section 1170.95 make clear that petitioners are

---

[1] *Robertson* was overruled in *People v. Chun* (2009) 45 Cal.4th 1172.

entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" But the court went on to say deprivation of the right to counsel is subject to a harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, 11 Cal.5th at pp. 957-958.)

We therefore review for harmless error under the *Watson* standard of review, under which the defendant "must . . . 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' [Citations.]" (*Lewis, supra*, 11 Cal.5th at p. 974.) This means he "'has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."' [Citation.]" (*Ibid*.)

Gutierrez failed to meet this burden. Again, in the factual basis he offered the court as a basis for his guilty plea, Gutierrez admitted he was the actual killer and that he acted with the intent to kill. The rendition of facts he offered the court in his petition, likewise, show he was the actual killer. Therefore, he is ineligible for resentencing as a matter of law because he cannot show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" in Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) He has not demonstrated there is a reasonable probability that had he been appointed counsel he would have obtained a more favorable result. Gutierrez was not prejudiced by the failure to appoint counsel.

8

## DISPOSITION

The postjudgment order is affirmed.


                                                 O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.